IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



| | |
|---|---|
| ANNA CRONIN | * |
| | * |
| v. | * Civil No. JFM-01-2169 |
| | * |
| WILLIAM HENDERSON | * |
| | ***** |

MEMORANDUM

On February 28, 2002, I dismissed the complaint of plaintiff, Anna Cronin, without prejudice, for failure to effectuate service. Now pending before me is a motion for relief from final judgment and/or to enlarge time filed by Cronin. For the reasons discussed below, I will deny the motion.

I.

Cronin is employed by the United States Postal Service in Frederick, Maryland. On July 24, 2001, she filed this suit alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). She failed to effect service on the defendant, and on February 28, 2001 – after Cronin failed to respond to a show cause order – I dismissed the case pursuant to Fed. R. Civ. P. 4(m).

II.

Cronin seeks relief under Fed. R. Civ. P. 60(b) and 6(b). Both rules allow the court to grant relief to a party in the case of "excusable neglect." Cronin alleges that the rules apply here because the lawyer previously representing her was responsible for the failure to effectuate service and to respond to the court's show cause order.

-1-



In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), the Supreme Court interpreted the phrase "excusable neglect."[1] The Court articulated four factors to be considered in determining whether excusable neglect has occurred: "[1] danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. at 395. The Fourth Circuit has noted "that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" Thompson v. E.I. Dupont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (citing Pioneer, 507 U.S. at 392). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Id. at 534.[2]

---

[1] The Supreme Court interpreted the phase in the context of Bankruptcy Rule 9006(b)(1). The Fourth Circuit, however, has held that the approach established in Pioneer is not limited to Bankruptcy Rule 9006(b)(1), but, rather has general application to a district court's determination of excusable neglect. See Thompson v. E.I. Dupont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (citation omitted).

[2] Cronin argues that I should evaluate her motion under the standard set forth in Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988) and United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). Under Augusta and Moradi, Cronin would be more likely to succeed because under that standard, "[w]hen [a] party is blameless and the attorney is at fault, the [court's interest in reaching the merits] control[s] and a default judgment should ordinarily be set aside." Augusta, 843 F.2d at 811. Significantly, however, Augusta and Moradi apply to denials of relief from default judgments. Augusta, 834 F.2d at 810-11; Moradi, 673 F.2d at 727. Since this motion addresses a dismissal, rather than a default judgment, it is proper to apply the Pioneer factors. See, e.g., Wainwright's Vacations, LLC v. Pan American Airways Corp., 130 F. Supp. 2d 712, 724-26 (D. Md. 2001) (applying Pioneer to a Rule 60(b) motion for reconsideration of a dismissal with prejudice); see also Skinner v. First Union Nat'l Bank, 1999 WL 261944, at *3 (4th Cir. 1999) (unpublished) (noting in dicta that the Court "would be hard pressed to find any abuse of discretion on the part of the district court," which applied the Pioneer factors in addressing a motion to reconsider its dismissal of a bankruptcy appeal). In fact, this approach is logical. When a party initiates a suit, he or she should understand the requirements of that action. A complete failure, such as the one here, to comply with those requirements should not be treated leniently. Cf. Heyman v. M.L. Marketing Co., 116 F.3d 91, 96 (4th Cir. 1997) ("District courts must be allowed sufficient disciplinary authority to control their dockets. Without the ability to exact significant penalties when parties ignore court orders, district courts would be left with nothing but hollow threats of dismissal.").

I will assume that Cronin has acted in good faith and that therefore the fourth <u>Pioneer</u> factor weighs in her favor. However, the other three factors count against her.

Defendant has not yet been served and therefore has not been called upon to demonstrate any specific prejudice he would suffer by reopening of the case. However, the requirement of Title VII that an action be instituted within 90 days of the issuance of the right-to-sue notice reflects a Congressional determination that it is in the interest of employers (as well as employees) that employment discrimination claims not be permitted to fester and that they be promptly resolved. To permit prosecution of a Title VII action by a plaintiff who filed suit within the 90 day period but then failed to effect service for more than ten months would adversely affect this interest.

The second and third factors articulated in <u>Pioneer</u> weigh even more strongly against Cronin. This action was pending for more than seven months before I dismissed it. Further, Cronin did not file this motion for relief from judgment until nearly three months after the dismissal. Thus, the delay has been substantial. Further, the only reason that Cronin provides for the delay was the alleged ineptitude of her prior attorney. The Fourth Circuit has made it clear "that it [is] appropriate to hold a client accountable for the mistakes of counsel." <u>Thompson</u>, 76 F.3d at 533 (citing <u>Pioneer</u>, 507 U.S. at 396-97).

For these reasons, Cronin's motion is denied. A separate order is attached.

Date: _September 6, 2002_   _/s/ J. Frederick Motz_
J. Frederick Motz
United States District Judge